[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10199
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cv-00020-HL

PENELOPE EDWARDS-CONRAD, MD,

Plaintiff-Counter Defendant-Appellant,

versus

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 18, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Penelope Edwards-Conrad, proceeding pro se, appeals the district court's dismissal of her civil complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.  After the district court dismissed the complaint, appellee Massachusetts Mutual Life Insurance Company voluntarily dismissed its counterclaim without prejudice and the court entered a final judgment dismissing the case.

Typically, "partial adjudication on the merits, followed by a voluntary dismissal without prejudice of a pending claim, does not effectively terminate the litigation and, therefore, does not satisfy the finality requirement of 28 U.S.C. § 1291." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (citing *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302–03 (5th Cir. 1978)[1]).  However, the *Ryan* rule does not apply here because "there was no attempt to manufacture [appellate] jurisdiction[,] . . . [and] the plaintiff/appellant stands to lose all right to appeal if the rule of *Ryan* applies." *CSX Transp., Inc.*, 235 F.3d at 1329.  The circumstances we face warrant jurisdiction.

We review dismissals under Federal Rule of Civil Procedure 41(b) for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).  "While we read briefs filed by pro se litigants liberally, issues

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not briefed on appeal . . . are deemed abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citation omitted).  "A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).  Additionally, we do not address arguments raised for the first time in a reply brief.  *Timson*, 518 F.3d at 874.

We conclude that Edwards-Conrad abandoned any challenge to the dismissal of her complaint by failing to offer any legal argument or citation to authority in her initial brief.  Accordingly, we affirm the district court's order and judgment.

**AFFIRMED.**